[Cite as *Cab E. L.L.C. v. Pinchak*, 2011-Ohio-6479.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96934**

## CAB EAST, LLC

PLAINTIFF-APPELLEE

vs.

## DANIEL N. PINCHAK

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Shaker Heights Municipal Court
Case No. 10 CVF 00823

**BEFORE:** Cooney, J., Celebrezze, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** December 15, 2011

**ATTORNEY FOR APPELLANT**

James R. Douglass
James R. Douglass Co., LPA
20521 Chagrin Blvd., Suite D
Shaker Heights, Ohio 44122

**ATTORNEYS FOR APPELLEE**

Keith D. Weiner
Michael S. Berkowitz
Suzana Kukovec-Krasnicki
Keith D. Weiner & Assoc. Co., LPA
75 Public Square
Fourth Floor
Cleveland, Ohio 44113

COLLEEN CONWAY COONEY, J.:

{¶ 1} Defendant-appellant, Daniel Pinchak ("Pinchak"), appeals the trial court's denial of his motion to reinstate the stay pending arbitration with plaintiff-appellee, Cab East LLC ("Cab East"). However, Pinchak's entire argument relates solely to the trial court's order granting his initial motion to stay proceedings pending arbitration. Finding no merit to the appeal, we affirm.

{¶ 2} In June 2010, Cab East filed a complaint against Pinchak for breach of contract, claiming that Pinchak leased a vehicle from Land Rover Capital Group LLC, one of Cab East's subsidiaries, and defaulted on his lease payments. Pinchak claims that he never negotiated a lease with Land Rover Capital and never received a leased vehicle

from Cab East. Instead, Pinchak claims that he was threatened at gunpoint by the Westside Automotive Group finance manager, who forced Pinchak to go to the dealership and sign a lease agreement for a 2007 Land Rover. However, when the initial bills for the lease arrived at Pinchak's address, he paid them. Pinchak claims to have paid the first few bills in "an unsuccessful effort to preserve his creditworthiness." Thereafter, Pinchak defaulted on his lease payments.

{¶ 3} In February 2011, Pinchak filed a motion to stay the proceedings pending arbitration pursuant to the lease agreement.[1] On March 8, 2011, the trial court granted his motion and ordered Pinchak to initiate arbitration on or before April 29, 2011, if he elected to do so. On April 29, 2011, arbitration had not yet been initiated, and Cab East filed a motion to lift the stay and requested leave to file a motion for summary judgment. Both requests were granted by the trial court. Cab East then filed its motion for summary judgment. Rather than opposing this motion, Pinchak filed a motion to reinstate the stay. The trial court denied Pinchak's motion to reinstate the stay and granted Cab East's motion for summary judgment. Cab East was awarded the entire outstanding balance of $13,894.32.

{¶ 4} Pinchak now appeals, raising one assignment of error, claiming that the trial court erred in its initial order that required him to initiate arbitration. However, his

---

[1] Pinchak's motion also noted that Exhibit A of the complaint "clearly provides" for arbitration and "either party may require that any claim" in the contract be resolved by arbitration.

notice of appeal filed on June 14 relates to the court's denial of his motion to reinstate the stay.

{¶ 5}   It is clear from his brief that the merits of Pinchak's instant appeal and the arguments contained therein, are directly related to the court's order that granted his initial motion to stay the proceedings.   Pinchak's argument that the trial court erroneously shifted the burden regarding the initiation of arbitration, is directly related to the court's order of March 8, 2011.   Both parties concede that this order granted Pinchak's motion to stay the proceedings pending arbitration and ordered Pinchak to initiate arbitration on or before April 29, 2011, if he chose to do so.   The order stipulated that if arbitration had not been initiated on or before April 29, 2011, then the case would proceed to trial.

{¶ 6}   If Pinchak objected to the trial court's initial order granting the stay because he felt it erroneously shifted the burden of initiating arbitration, he should have appealed that order.   It is well established that any order that grants or denies a stay is a final, appealable order pursuant to R.C. 2711.02(C), which states:

{¶ 7}   "an order * * * that grants or denies a stay of a trial of any action pending arbitration, including, but not limited to, an order that is based upon a determination of the court that a party has waived arbitration under the arbitration agreement, is a final order and may be reviewed, affirmed, modified, or reversed on appeal pursuant to the Rules of Appellate Procedure * * *."

{¶ 8}  Thus, Pinchak should have appealed the initial order of March 8, 2011 within the 30-day time frame set forth in App.R. 4(A) if he wished to challenge that order.

{¶ 9}  Pinchak's current appeal has failed to demonstrate any error by the court in its granting summary judgment for Cab East and denying Pinchak's motion to reinstate the stay.

Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
COLLEEN CONWAY COONEY, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
LARRY A. JONES, J., CONCUR